UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

TRAVELODGE HOTELS, INC.,

Plaintiff,

v.

SURAJHIRA, LLC, a South Carolina Limited Liability Company, **and** DARSHIL PATEL, an individual,

Defendants.

Civ. No. 18-10510 (KM)(CLW)

OPINION

### KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the unopposed motion of the plaintiff, Travelodge Hotels, Inc. ("Travelodge") for a default judgment against the defendants, Surajhira, LLC ("Surajhira"), and Darshil Patel ("Patel"), pursuant to Fed. R. Civ. P. 55(b)(2). (DE 8) This action arises from an alleged breach of a Franchise Agreement between Travelodge and Surajhira to operate a Travelodge facility, and a Guaranty Agreement between Travelodge and Patel. For the reasons set forth below, I will enter a default judgment in the amount requested.

### I. STANDARD FOR ENTRY OF DEFAULT JUDGMENT

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S.*

1

*Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d §2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, CIV.A. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

2

## II. DISCUSSION

### a. Adequate Service & Defendants' Failure to Respond

The prerequisites for default judgment have been met.

Srajhira and Patel were properly served. (DE 5, 6) Surajhira was served on July 2, 2018, by in-person delivery to its registered agent. Patel was served on July 9, 2018, at an address in Hardeeville, SC, by personal delivery to Parvin Patel, who agreed to accept service on his behalf. *See* Fed. R. Civ. P. 4(e), 4(h)(1); N.J. Ct. R. 4:4-4(a).[1] *See also* Affidavit of Brian P. Couch, Esq. (DE 8-1).

Each failed to file an answer or otherwise respond to the Complaint within twenty-one days pursuant to Fed. R. Civ. P. 12(a).

The clerk entered defaults on October 11, 2018 (clerk's entry following DE 7). Travelodge served a copy of the default on the defendants by mail. (DE 8-1 at 5)

Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist, Inc.*, 756 F.2d at 18–19.

### b. Gold Kist factors

I next evaluate the following three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

i. Meritorious defense (*Gold Kist* factor 1)

As to the first factor, my review of the record reveals no suggestion that Travelodge's claims are legally flawed or that there is a meritorious

---

[1] In the Franchise Agreement and Guaranty, defendants consented to jurisdiction and venue in New Jersey. (Cplt. ¶¶ 6, 7, 8).

3

defense to them. See Doe, 2013 WL 3772532, at *5. Accepting the factual allegations as true, I find that Travelodge has stated a claim for breach of the Franchise Agreement and the Guaranty.

Under New Jersey law, "[t]o state a claim for breach of contract, [a plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Travelodge's Complaint alleges, and attaches copies of, two contracts: the Franchise Agreement with Surajhira and the Guaranty of Patel. The Franchise Agreement obligates Surajhira to pay certain recurring fees. The Complaint alleges that it defaulted on that obligation, and that Travelodge terminated the agreement as a result. The Guaranty obligates Patel, in the event of Surajhira's default, to make such payments or cause Surajhira to do so. The agreements also provide for liquidated damages and attorney's fees. There are no facts indicating that there was any breach by Travelodge that would excuse the defendants' nonperformance.

I do not discern any meritorious defenses to Travelodge's allegations.

> ii. Prejudice suffered by party seeking default & culpability of the parties subject to default (*Gold Kist* factors 2, 3)

The second and third factors also weigh in favor of default. Defendants were properly served but have failed to appear and defend themselves in any manner. See *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that "Plaintiffs have been prejudiced by the Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the

4

normal fashion."). Absent any evidence to the contrary, "the Defendant[s'] failure to answer evinces the Defendant[s'] culpability in [the] default. *Id*. And "[t]here is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id*. at *4 (citing *Prudential Ins. Co. of America v. Taylor*, No. 08–2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default judgment)).

The only possible conclusion based on the record is that Surajhira and Patel breached their obligations under the Franchise Agreement and the Guaranty; that they, not Travelodge, were culpable for the breach; and that Travelodge was prejudiced as a result. Accordingly, I find that the entry of a default judgment is appropriate.

### c. Remedies

Travelodge seeks $109,357.55 in liquidated damages (principal plus prejudgment interest) and $85,954.33 in delinquent recurring fees (principal plus prejudgment interest). Travelodge has submitted documentary evidence in support of its demands, while defendants have, submitted nothing. An *ex parte* hearing would serve little additional purpose, so I rule based on the record before me.

I will grant Travelodge's request for recurring fees and interest, as set forth in Sections 7, 7.3, 18.1, and Schedule C of the Franchise Agreement. (Fenimore Aff. ¶¶ 7, 8)[2] Travelodge has itemized and documented recurring fees in the amount of $85,954.33, a figure which includes contractual interest at a rate of 1.5% per month. (*Id*. ¶¶ 17–21 (citing Exs. D–G); *id*. ¶ 23 & Ex. I (itemized statement of recurring fees

---

2  Fenimore Aff. = Affidavit of Suzanne Fenimore, filed November 9, 2018, in support of DIW's motion for default judgment, (DE 8-2)

5

and interest))

Liquidated damages of $2,000 multiplied by 49 (the number of guest rooms in the facility), totaling $98,000, are provided for in the Franchise Agreement. (Fenimore Aff. ¶¶ 28–30 (citing section 12.1 of the Agreement). At the contractual rate of 1.5% per month, interest on this amount through December 3, 2018 amounts to $11,357.55. (*Id.* ¶ 31 & Ex. J (itemized statement)). The liquidated damages have a rational basis and are not disproportionate to the loss Travelodge would likely suffer as a result of early termination of this fifteen-year agreement.

### III. CONCLUSION

For the foregoing reasons, a default judgment will be entered in favor of the plaintiff, Travelodge Hotels, Inc., in a total amount of $195,311.88, with post-judgment interest to accrue from this date at the appropriate rate pursuant to 28 U.S.C. §1961.

An appropriate order and judgment will be entered in accordance with this Opinion.

Dated: February 27, 2019

*[signature]*

**Kevin McNulty**
**United States District Judge**